United States District Court For The Eastern District Of Virginia Alexandria Division.

Emmitt G. Boscoe JR #1422097
Pro Se Plaintiff

v.                                                        Civil Action # 1:20CV756

Harold Clarke et al                    Bench trial
David A Robinson
John Doe #1
Clyon Gilmore
Lutei LT A Brown
Cantrell
Smith
Sgt Mesten
C/O Colburn, A/W T. Brown
Defendant(s)

FILED MAIL ROOM JUN 24 2020 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

FILED JUL -6 2020 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

RECEIVED JUN 26 2020 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## Civil Complaint

(1) Comes Now Pro Se Plaintiff Emmitt George Boscoe JR A Prisoner @ Sussex One State Prison Under the Primary Care Of Defendants As Named Above Whom Are Employed By Virginia DOC Director Harold Clarke. Plaintiff Brings this Action Via 1983 Civil Complaint Pursuant to 42 U.S.C §1983 Plaintiff is Seeking Compensatory Damages, Punitive Damages, Injunctive Relief, And Declaratory Relief Because Defendants action And/or Inaction When Physical Pad locks were Placed on every Door At Sussex One State Prison Subjecting Plaintiff to Imminent Danger From Fire and or Physical, Medical Injury In light that All the lock Can Be Removed Off

the foods and Emergency Situation. On 4-11-20 Plaintiff Wall Socket Malfunction and Began Spitting Fire and the Cell Caught On Fire Plaintiff Roscoe Pressed the cell Emergency Call Button But that did not work either, Because the Prison is Always Short OF Staff there was no correctional Staff On the Floor to Come Put the Fire Out Plaintiff Roscoe an Asthmatic Prisoner Become Over taken By the smoke and tried to throw the cItems c/w the cell out the Broken tray Slot But the Smoke was So thick Plaintiff Could only get Some OF the cItem on Fire Out the cell Prisoner Wright A worker c/w One of Por c/w Informed the Both Officer OF the large Amount OF Smoke c/w the cell and Por To no Avail Plaintiff and his cell Partner Stayed c/w the Cell Approximately 25 mins. Defendants Are Aware OF the danger that lies c/w the woke that All Cells have Malfuction with the Sockets that c/t would need to atleast Be 3 to 4 Staff Members on the Floor to Get All 84 Prisoners Out the cell c/w this case Plaintiff was not Removed From his cell c/w the set 2 Min Drill Because there was not even one Correctional Officer to Remove one lock

Jurisdiction

② This Court Has Jurisdiction Over Plaintiff Federal law claims Pursuant to 28 U.S.C §1331 and 28USC § 1345 (a)(3)

Venue

③ Venue is Proper Under 28 U.S.C. 1391 (B)(1) Because Defendants Are Subject to the Personal Jurisdiction and Venue With Respect to this Action Under 28 U.S.C. 1391 (B)(2)

Parties

(4) Plaintiff Emmitt G. Roscoe JR #1422097 Hereafter Referred to as Plaintiff and/or Plaintiff Roscoe Plaintiff is a VADOC Prisoner @ Sussex One State Prison Serving a Sentence of Double life Plus 116 years and Plaintiff has a Right to Be Free From Cruel and Unusual Punishment and Unnecessary Wanton Infliction of Pain A Right By the 8th Amendment of the United States Constitution

Defendants and Statements of Claims

(5) Defendant Harold Clarke is the Director of Virginia VADOC and is legally Responsible For Safe Custody and Care of All Prisoners within and VADOC including Plaintiff Defendant Clarke is Sued in Both his Official and individual Capacity. Defendant Clarke's inaction to Assure Safety of Plaintiff and Some 700 Plus Prisoners Currently Behind individually Pop locked doors Causes him to Be liable in Both Capacities As it Relates to the Claims of the 8th Amendment Violation.

(6) Defendant David A Robinson is Chief of Operations For the Virginia Dept of Corrections and legally Responsible For assuring All Operations within VADOC Facilities assure the Safe Custody and Care of All Prisoners Housed within VADOC including Plaintiff Defendant Robinson inaction to assure that the use of individual Pop locks on Plaintiff door did not cause him to Be in Danger in Face of any Emergency. Defendant Robinson is Sued in Both his Official and individual capacities.

(7) Defendant John Doe #1 a/k/a the local Fire Marshall for Waverly Virginia Responsible for Approving additional Padlocks Be Put on all cell doors including Plaintiff Cell knowing Full well that in light of any emergency for Medical Physical Assault or worst A Fire that all the locks could not Be removed from the doors to end the danger that lies in the wake of being Padlocked Behind A Metal cell door. Defendant Doe #1 is legally liable For 8th Amendment violation And He is sued in Both his Official and individual Capacities.

(8) Defendant in Von Gillmore is a correctional Sir warden @ Sussex One State Prison And is legally liable For 8th Amendment violation when he Ordered additional Padlocks Be Placed on Plaintiff cell door knowing Full Well He does not Employ the Proper Amount of Staff to Remove the locks in the Face of any emergency Defendant Gillmore is sued in Both his individual and Official Capacity

(9) Defendant Latrell LT A Brown is legally liable For Following Orders to Place additional Padlocks on All cell doors knowing the Potential For Prisoners to Physically hurt and/or harm their cellie without Protection From Said danger due to lack of Staff and Padlock On the cell door Defendant Brown is sued in Both his official and individual Capacities

(10) Defendant Cantrell is legally liable for 8th Amendment

Violation when she was deliberately indifferent to Plaintiff Serious Medical Need when she denied and or delayed Plaintiff Medical attention after Breathing in Smoke in the Closed in cell. Defendant Cantrell is sued in Both her individual and Official Capacity.

(11) Defendant Smith is legally liable For 8th amendment Violation OF deliberate indifference to Plaintiff Serious Medical need when she denied and delayed Plaintiff Adequate Medical attention after know he had Be exposed to Smoke inhalation. Defendant Smith is sued in Both her Official and individual Capacities

(12) Defendant Sgt Meafen is legally liable For 8th amendment violation By Failing to Remove Plaintiff and his Cell Mate From a Cell immediately that he knew was On Fire and or Full of Smoke Defendant Meafen is Also legally liable For 1st amendment Violation OF Retaliation. Defendant Meafen is sued in Both his official and individual Capacity.

13) Defendant Colburn is legally liable For 8th amendment Violation when he Refuse to Remove Plaintiff and his Cell Mate From a Cell he knew had Been on Fire and was Full OF Smoke Defendant Colburn Also is liable For and 1st amendment Violation OF Retaliation Def Colburn is sued in Both his official and individual Capacities

14) Defendant T. Brown is legally liable for following order to place an additional Pad lock on Plaintiff cell door. Defendant Brown is a Unit Manger of the unit Plaintiff is currently housed and has full knowledg that her Building and Fact that not have the Staff to Respond to Emergency Situation with or without lock on all the doors Nuchless one. Defendant Brown is Being Sued in Both her Official and individual capacity.

## Facts.

15) For almost Two years Sussex one State Prison has been Suffering Apparent Mechanical Malfuctions with the cell doors where the Both key Pad would not secure some of the doors. Progressivly the doors @ Sussex one Got worst while a large amount of the doors would not Secure they would Shut they just would not lock

16) Staff then would instruct Prisoners to Pull their doors open Clusteard of Putting a Work Order in on the doors and Prisoners then Began to Freely Open their cell door and exit the cell.

17) Its a Fact that Multiple News Channels did a story on the Sortage of Staff at Sussex one State Prison Rendering the Prison Unsafe in a Plethora of ways

18) The doors Being and Classic Occurred after the Prison was Found to have a Major Staff Shortage

19) On 2-20-20 Plaintiff Roscoe Along with Prisoner Rontrell Clarke were transferred From Red Onion State Prison to Sussex One State Prisoners Both were Housed c/w cell 17 & 22. Cell 17 & 22 However is secure with the Use OF the 17 control Booth.

20) The Reason For Prison Doors that are Securable By Key Pops c/s so that Prison Guards have easy access to enter the cell c/w the Face OF A Prisoner Assaulting his cell Mate, Medical emergency or worst Death of all and thats Being on Fire

21) The cells Are equiped with Emergency Call Buttons However the Call Buttons c/w 1 Building is not work.

22) On 3-31-20 @ Approximatly 5:30 am Multiple correctional staff entered 1 Pod Pod with 40 Plus locks to Put on the cell Doors when the lock was Placed on Plaintiff cell Door also He was handed A Memo Saying Pod locks were Approved By Defendant Joe #1 And Defendant Gillmore the Memo was handed out By Defendant Brown

23) When Plaintiff explained that he c/s a Cronic Care Prisoner and has Ashma and other Medical issue to Defendant Brown She said Press the emergency call Button c/I told her the Button is not work and She told Me to Press the Emergency Call Button to see c/I c/I worker c/I Pressed the Button she called the Booth and asked did My Call Button light up and the Booth Officer said over the walkie talkie the

(24) Emergency Call Buttons don't work in any of the cells. Ms Brown then Brown said we will put a work order in and there will be at least 3 correctional staff on the floor at all times.

(25) On 3-20-20 The Fire Marshall was allegedly scheduled to report to Sussex one to review the manner in which potential risk of fire danger if the pop locks could not be removed in the face of any emergency

(26) Absolutly No Fire drills were conducted by staff the Fire Marshall nor prisoners educated on how to effectivly respond to such an emergency. to my knowledge the Fire Marshall Never did come defendant Joe #1 is the defendant responsible for ensuring all living structures are within Fire Safty Guidelines

(27) The locks on the doors are accessible to the whole prison population when they exit the cell and staff did not issue that the locks are not tampered with by other prisoners outside the cells

(28) On 4-11-20 Plaintiff Roscoe was housed in his assigned cell 1-22 Plaintiff was housed in that cell with another prisoner the lock was on the door Plaintiff like every morning began to heat a cup of water to make some coffee Plaintiff used a stinger to heat his water and the bucket began to spit out fire and caught the cell on fire. Plaintiff pressed the call emergency button and it did

29) Not worth Plaintiff Called Out to the Correctional Officer For help But there was not one Correctional officer on the Floor Plaintiff Cell Began to Fill with Smoke and Plaintiff Attempted to throw some of the Stuff Out the cell that was Catching A Fire

30) Prisoner Wright Come to Plaintiff Roscoe cell and Asked if we need help he saw the Fire And Reported it at approximately 9:54 Am to the Booth Officer whom relayed the Message Over the walkie talkie Requesting Assistance For A Cell On Fire c/w 1 ft of Pop

31) Defendant Meaden and Colburn Both entered the Pod Defendant Meaden Attempted to Remove the lock Off the floor And then Stated Someone Broke A key in this lock And After Report c/t clusters OF Getting Plaintiff Roscoe And his celly Out of the Smoke Filled Cell with Bolt Cutters he Question Plaintiff About the Fire And told Plaintiff And his cell to Pack their Property Cause they were going to segregation

32) Defendants Meaden and Colburn Both Relayed Getting Plaintiff Out the cell For At least 25 mins when they Arrived

Plaintiff was taken to Medical By Defendant Colburn whom told Plaintiff we locking you up when Plaintiff Asked why Defendant Colburn Said cause you File lawsuits Before Receiving Any Medical attention Plaintiff was taken

(33) to Segregation By Orders of Defendant Cantrell whom was Called and Overheard on Speaker Phone tell Defendant Colburn if he stupid enough to start a Fire He dont Need Medical attention

(34) Plaintiff Roscoe while in Segregation Began to Suffer Complication of Restrictive Breathing. Plaintiff was taken Back to Medical But was not evaluated and treated For Smoke Inhalation Defendant Smith in Fact told Plaintiff "you shouldnt Be able to Breath thats what you Get" and She Instructed Security to take Plaintiff Back to his Segregation Cell.

(35) Plaintiff lungs Burned and Plaintiff Struggled to Breath. For Days

As Promised Plaintiff Roscoe Received the Retaliatory Charge written By Defendant Neafen and Plaintiff was Later Vindicated From the Bogus Retaliatory Charge After A Hearing was Conducted

### Exhaustion of Administrative Remedies

(36) Both issues According to VDOC Policy Grievance Procedure Are in Fact Non Grievable Because the locks were Approved By the local Fire Marshal which Makes it Out Of the Controll of VDOC. And Disciplinary Measures Can Not Be Adjudicated through the Prison Grievance Procedure

## Relief Requested

37) Most Importantly this Honorable Court Shall Order All locks in the Form of Individual Pop locks Be Removed from All the cell doors which Plaintiff Roscoe would Be subjected to Being Housed in

38) Defendants Shall All Be Sanctioned Punitive Damages in the Amount of 2 Million Dollars Paid in equal Share

39) Defendants Shall Pay equally Compensatory Damages in the Amount of $50,000.00 For knowingly Subjecting Plaintiff Roscoe to Unsafe life living conditions in violation of Plaintiff Roscoe 8th Amendment.

40) Defendants Colburn and Shall Pay the Equal Share of $50,000.00 For their Retaliation of Plaintiff Right to Access the Courts.

This Honorable Court Shall enter Declaratory Relief that the locks on the doors violate the 8th Amendment in a major way.

May 6 2020

BERENICE EDITH PONCE
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7680819
My Commission Expires 8-31-2020

### Verification of Complaint

I Emmitt G. Roscoe JR do Hereby Swear Under Penalties of Before Undersigned Notary that the content of this Civil Complaint Filed this 6th day of May 2020 is true and Correct to the Best of My knowledge And Record Keeping

Notary Signature

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA


EMMITT G. ROSCOE  pro se
    PLAINTIFF

V.                                              CASE NO. _____

HAROLD CLARKE   et al,
    DEFENDANTS

RECEIVED  JUN 26 2020  CLERK, U.S. DISTRICT COURT  RICHMOND, VA

DECLARATION IN SUPPORT OF PLANTIFF'S CIVIL ACTION 42 U.S.C. § 1983 COMPLAINT


SIDNEY P. MARTIN STATES UNDER PENALTY OF PERJURY:

1). I am housed at Sussex 1 State Prison and am a witness to the above titled action.

2). Sussex 1 State Prison has placed padlocks on all cell doors putting not only the plaintiffs health and safety at serious risk but every prisoner subjected to a padlock on their cell door.

3). Sussex 1 State Prison is short staff and cannot possibly keep enough extra staff in a pod/building for protecting prisoners in case of a fire.

1

4). Sussex I state prison doesn't prevent serious fire hazards by keeping pods and buildings free of potential fire hazards (e.g. In 3Bravo pod their is a dozen or so Rolls of toiletpaper along with magazines hanging on strings from the ceiling).

5). Sussex I state prison leaves faulty locks on doors to prevent doing paperwork such as incident Reports for cutting off a faulty or ceased up lock.

6). The plaintiff, Mr. Roscoe has been confined to Restrictive housing cell 3B-11 because Defendants accussed him of setting his cell on fire intentionally and I am housed in Restrictive housing with him and witnessed him being Accussed of this but the Defendants were not present to witness if he did it intentionally or if it happened from a faulty electrical socket.

7). Prisoners at Sussex I state prison are constantly subjected to faulty equipment in the cells such as but not limited to, electrical sockets, ineffective intereams or sometimes no intercom at All, no lights and broken sinks or toilets.

8). Officers and prison officials at Sussex I state Prison constantly make poor decisions Resulting in them putting prisoners in dangerous situations or in situations that may cause injury and their way of covering it

2

is putting the blame on the prisoner As they have done with the plaintiff by stating he intentionally started the fire.

9). I have seen and experienced this same thing in other situations.

10). I currently am housed in Restrictive housing And I have no intercom period to Report emergency's if one presented itself.

11). I make this Declaration to support plaintiffs complaint in this above styled action.

The Foregoing Declaration is made by Sidney P. Martin #1416216 and supports Plaintiffs complaint and I make this Declaration under my free will.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct

6-11-2020
DATE

Sidney P. Martin
Sidney P. Martin #1416216
Sussex I State Prison
24414 Musselwhite Drive
Waverly, Va 23891

3

Offender Copy



**VIRGINIA DEPARTMENT OF CORRECTIONS**

## Disciplinary Offense Report



861.1 A-1
Report generated by Colson, W A
Report run on 04/12/2020 at 12:41 PM

| | |
|---|---|
| Case Number: SXI-2020-1389 | Offender Name: Roscoe, Emmitt G  DOC #: 1422097  Housing: HU3D-14 |
| Facility: Sussex I State Prison | Reference: |
| Offense Code: 111A | Offense Title: Intentionally Destroying, Altering, Damaging, or Defacing... |
| Offense Date: 04/11/2020 | Approximate Time: 10:11 AM  Location: Cell - HU1-D |

**DESCRIPTION OF THE OFFENSE**
Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On the above date and the approximate time of 10:11am, while i Sgt. Medie was about to open the lock on HU1-D-22, i noticed that the lock on the door had a metal substance stacked in it. Offenders Roscoe, E #1422097 and Clarke R. #1173831 were assigned to cell HU1-D-22. Upon further questioning of both offenders; Roscoe, E #1422097 and Clarke R. #1173831 to ascertain who was responsible for stacking the metal substance in the lock, both offenders were not cooperative. Every offender is responsible for their cells and intentionally destroying State property is a violation of OP 861.1 therefore this charge is written.

☐ Investigation    Date Completed: _____    ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

Witnesses: _____

Reporting Officer: Medie, M
Title: Sergeant
Date: 04/11/2020    Time: 8:16 PM

Officer-In-Charge: Colson, W
OIC Signature: _____
Title: Lieutenant
Date: 04/12/2020    Time: 12:38 PM

**ADVISEMENT OF RIGHTS**

By signing below, you indicate your preference regarding the rights indicated. Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit: *Witness Request Form, Documentary Evidence Request Form,* and the *Reporting Officer Response Form*. The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served.

| Question | Response |
|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☑ Yes ☐ No ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☑ Yes ☐ No ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☑ Yes ☐ No ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes ☑ No ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing. | ☑ Yes ☐ No ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER.

YOU MAY REMAIN SILENT. Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE.

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing.**

Served and Witnessed By: A. Wally
Print Name: A. Wally
Date of Service: 4-12-2020    Approximate Time: 1445

Offender's Signature: _____
Print Name: _____

IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL: A. Wally

ADVISOR AT SERVICE OF DOR: A. Wally    FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes ☐ No
Date of Hearing: 04/22/2020    Revised Date: _____    Revised Date: _____    Revised Date: _____



# COMMONWEALTH OF VIRGINIA
## Department of Corrections

IVAN GILMORE  
Warden

*Division of Institutions*  
*Eastern Region*

*Sussex I State Prison*

24414 Musselwhite Drive  
Waverly, Virginia  23891-2222  
Phone: (804) 834-9967  
Fax: (804) 834-4084

To:  Offender Population

From: Warden Ivan Gilmore

Subject: Sussex I Operational Plan

Sussex I State Prison will be off lock April 1, 2020 and will be on Modified Movement due to COVID 19.  Sussex I is placing padlocks on all cell doors for staff and offender safety. The padlock on the door are approved through the Fire Marshal. Offender will follow all rule and regulation. Offender will not have any covering on lights or objects hanging to block the view of staff. Cells are to be clean at all times and in compliance before they exit. Offenders will stand for count. In the event your cell is not in compliance, there will be no movement for out of cell time. Moving forward offender movement will be facilitated as follows:

1. **Mass Movement:** Six cell doors will be opened at a time.  The offenders will step out of their cells and stand in front of their cells.  The cell doors will be shut.  The next six cells will be opened and the same process will take place until one full tier of offenders are out of their cells.  The offenders will then be given instructions to move.  Once those offenders are clear of the pod, the other tier of cells will be opened in the same manner.  On even days, the lower tier will move first.  On odd days, the upper tier will move first. Upon returning to the pod, the offenders will stand in front of their cells until the floor officer can open the cell door for the offenders to be placed back in their cells and then padlocked
2. Programs/ Correctional Education/Vocations/Work call/ Medical/: Individual cells will be opened according to the Master Pass List; Offenders will follow the same protocol as above when they exit their cells
3. Visitation: Individual cells will be opened as they are called for visits utilizing trip passes
4. Death row, Protective Custody and Restrictive Housing movement will remain the same per policy